**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
    v. )
) I.D. No.: 30604628DI
BENJAMIN F. WHITEMAN, )
)
    Defendant. )

## ORDER

Submitted: October 28, 2024
Decided: January 28, 2025

*Upon Consideration of the Commissioner's Report and Recommendation that Defendant's Postconviction Motion Seeking a "Certificate of Appealability" Should be Denied,*
**ADOPTED**.

*Upon Consideration of Defendant's Appeal from the Commissioner's Report and Recommendation on Defendant's Postconviction Motion Seeking a "Certificate of Appealability" Should be Denied,*
**DENIED.**

**AND NOW TO WIT**, this 28th day of January, 2025, upon consideration of Benjamin F. Whiteman ("Defendant")'s fourth *pro se* Motion for Postconviction Relief, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. In 1987, Defendant pled guilty to Burglary Second Degree. After

1

declaring him a habitual offender under 11 *Del. C.* § 4214(a),[1] the Court sentenced him to ten years at Level V, suspending seven years of the sentence for decreasing levels of probation.[2] Defendant was declared a habitual offender though not sentenced as such.[3] Defendant was spared and sentenced to three years in prison.[4] And warned not to re-offend.[5]

2. In 1989, Defendant was charged with multiple sexual offenses against two young girls, ages three and eight.[6] After a jury found Defendant guilty of Unlawful Sexual Penetration in the Third Degree, the Superior Court sentenced him to life imprisonment as a habitual offender.[7] Defendant's habitual sentence was

---

[1] 11 *Del. C.* § 4214(a) (1987) (current version at 11 *Del. C.* § 4214(a) (effective July 11, 2018)).

[2] *See* Sentence, *State v. Benjamin Whiteman*, Crim. I.D. No. 30604628DI, D.I. 10 (Del. Super. June 19, 1987).

[3] *See Whiteman v. State*, 2013 WL 5346310 at *1, 77 A.3d 273 (TABLE) (Del. Feb. 4, 2013); *Whiteman v. State*, 2009 WL 3086567 at *1, 981 A.2d 1173 (TABLE) (Del. Sept. 28, 2019).

[4] Crim. I.D. No. 30604628DI, D.I. 9–10.

[5] *See also* Crim. I.D. No. 30604628DI, D.I. 12 ("You have a very long record of misbehavior. You were extremely fortunate to be treated lightly by me. I only hope that when you do get out you commit no other felonious crime because it will mean a life sentence in all probability. Please don't —Motion for reduction denied.").

[6] The circumstances of these charges are well described by the Delaware Supreme Court: "In February, 1989, Whiteman was living at the home of the parents of two young girls-one age eight, the other age three. On February 19, the parents of the two girls went out to dinner, leaving the children at home with Whiteman. After the parents left, Whiteman and the two girls began watching television. Whiteman asked the older girl to sit on the couch next to him. He then began to rub her leg. Next, he lifted her robe and placed his finger in her vagina. Whiteman then went over to the younger girl and inserted his finger in her vagina. Whiteman threatened to harm the older girl if she told anyone what happened." Whiteman v. State, 586 A.2d 1203 (TABLE) (Del. 1991).

[7] *See* Sentence, *State v. Benjamin Whiteman*, Crim. I.D. No. 30901716DI, D.I. 14 (Del. Super. Oct. 27, 1989).

effective on March 15, 1989 and was to be served consecutive to any other sentence he was then serving.[8] The Supreme Court affirmed Defendant's conviction on direct appeal.[9]

3.    Whiteman has made unsuccessful attacks on his 1987 and 1989 convictions and sentences, including multiple challenges to his burglary conviction and sentence under Rule 35,[10] and three unsuccessful Rule 61 motions.[11]

4.    The Delaware Supreme Court has previously held that Whiteman's untimely, repetitive, and frivolous filings constitute an abuse of the judicial process. And if he proceeds without leave of Court, he is enjoined from proceeding in the Delaware Supreme Court on any claim related to his 1989 sentence.[12]

5.    On August 5, 2024, Defendant again filed a Notice of Appeal,[13] and a Motion seeking a "Certificate of Appealability" to challenge his 1987 plea and sentence and further requested appointment of counsel.[14]

---

[8] *State v. Whiteman*, Crim. I.D. No. 30901716DI, D.I. 15 (Del. Super. Oct.27, 1989) (D.I. 15).

[9] *Whiteman v. State*, 1991 WL 12112, 586 A.2d 1203 (TABLE) (Del. Jan. 11, 1991).

[10] *See* Crim. I.D. No. 30604628DI, D.I. 14, D.I 35, D.I 43, D.I. 53, D.I 67, D.I 73, D.I 76, D.I 79, D.I. 83, D.I. 101, D.I 108, D.I. 111, D.I. 120.

[11] *See State v. Whiteman,* 2006 WL 1579781 (Del. Super. Apr. 5, 2006), *aff'd*, 905 A.2d 748 (Del. 2006); *State v. Whiteman,* 61 A.3d 619 (Del. 2013); *State v. Whiteman,* 2022 WL 17076219 (Del. Super. Nov. 18, 2022); *Whiteman v. State*, 292 A.3d 100 (Del. 2023) (The Court dismissed the appeal.).

[12] *Whiteman v. State*, 158 A.3d 452 (TABLE) (Del. 2017).

[13] D.I. 129.

[14] D.I. 130.

6. This Court referred Defendant's motion to Superior Court Commissioner Lynne M. Parker for proposed findings of fact and conclusions of law pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62(a)(5).[15]

7. On October 18, 2024, the Commissioner issued a Report, recommending that this Court deny Defendant's Motion, finding Defendant lacked standing to challenge his 1987 burglary conviction and sentence; even if he did not, he failed to satisfy Rule 61's pleading requirements to allow him to proceed.[16] She also determined his related request for appointment of counsel should also be denied.[17]

8. After the Commissioner issues a report, "any party may serve and file written objections" to the report within ten days.[18] The Court "may accept, reject or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner."[19]

9. Defendant filed timely objections to the Commissioner's Report,[20]

---

[15] *See* 10 *Del. C.* § 512(b)(1)(b); DEL. SUPER. CT. CRIM. R. 62(a)(5) (Under Delaware Superior Court Rule 62(a)(5), the Court may refer to a Superior Court Commissioner case-dispositive motions, including postconviction relief motions, and the Commissioner must submit "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter.").

[16] *See* Commissioner's Report and Recommendations and Order, *State of Delaware v. Benjamin F. Whiteman*, Crim. ID No. 30604628DI, D.I. 132 (Del. Super. October 18, 2024).

[17] *Id.*

[18] DEL. SUPER. CT. CRIM. R. 62(a)(5)(ii).

[19] *Id.*

[20] D.I. 133.

4

arguing the Commissioner lacked subject matter jurisdiction because "as the 61 Motion is generally filed after direct appeal," his proceedings "were prejudiced in the judgment leading to conviction."[21] Asserting again that "theft is not an element of burglary," he asks this Court to protect his rights to appeal his conviction and sentence of 1987 with appointment of counsel.[22]

10. After undergoing a careful review of Defendant's Motion for Postconviction Relief, the Commissioner's Report, and the record, the Court **ADOPTS** *in toto* the findings of fact and recommendations in the Commissioner's Report.

11. Accordingly, Defendant's Appeal from the Commissioner's Report and Recommendation on Defendant's Postconviction Motion is **DENIED.**

**IT IS SO ORDERED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Benjamin Whiteman, *pro se*
       Department of Justice
       Investigative Services Office

---

[21] *Id.* at 2.

[22] *Id.*